(9 App. Div. 306.)

### EYRING v. HERCULES LAND CO. et al.

(Supreme Court, Appellate Division, Fourth Department. October 16, 1896.)

1. MORTGAGE—FORECLOSURE—FAILURE TO ANSWER—NOTICE OF REFERENCE TO COMPUTE AMOUNT DUE.
   Where defendant, having appeared in an action to foreclose, is served with notice of motion for judgment on failure to answer, but fails to appear at the hearing, failure to give him notice of hearing before the referee then appointed to compute the amount due on the mortgage is not ground for opening the judgment.

2. SAME—ORDER OF SUBJECTING MORTGAGED PROPERTY—NOTICE.
   Where two of four lots covered by a mortgage are conveyed subject thereto, the grantee covenanting and agreeing to pay it, reference to such conveyance in a deed of the same two lots by that grantee, which does not itself refer to the mortgage, gives notice to the second grantee that those lots are primarily liable for the payment of the mortgage.

3. SAME—RELEASE OF PART OF MORTGAGED PROPERTY—CONVEYANCE OF REMAINDER SUBJECT TO MORTGAGE.
   That at the time two of four lots covered by a mortgage were conveyed by the mortgagor by deed declaring them subject thereto, and containing a covenant of the grantee to pay the same, the mortgagee received the amount of the mortgage for releasing the other two lots, does not affect the liability of the lots conveyed for the mortgage, provided the parties in interest then agreed that the mortgage should continue a security thereon.

Appeal from Erie county court.

Action by Caroline Eyring against the Hercules Land Company, impleaded.    From an order vacating a judgment of foreclosure, plaintiff appeals.    Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Charles H. Ribbel, for appellant.
Clinton B. Gibbs, for respondents.

FOLLETT, J.    None of the defendants in the action appeared except the Hercules Land Company, the owner of the fee of lots 67 and 72, which appeared, but did not answer.    After the time to answer had expired, the plaintiff moved for judgment, and served on the attorney of the land company a notice of motion.    The land company

failed to appear, and the court appointed a referee to compute the amount due on the mortgage; and on the filing of his report, which was done the next day, granted the usual judgment of foreclosure. The land company insists that the judgment was irregular, because notice of the hearing before the referee was not given. Computing the amount due on the mortgage was but an incident to the application for judgment, and the computation might have been made by the court, or it might, as it did, appoint a referee for that purpose. The plaintiff's practice was regular, and the land company was not entitled to have the judgment opened on the ground that notice of the hearing before the referee was not given. The mortgage, when given, covered lots 59, 60, 67, and 72. Three years afterwards, on the 3d day of August, 1887, the mortgagor conveyed lots 67 and 72 to Frank L. Anderson. The affidavit of the plaintiff's attorney states that the conveyance was made subject to the lien of the mortgage, which the grantee covenanted and agreed to pay. This fact is not disputed by the defendants' affidavits. By this transaction lots 67 and 72 became primarily liable for the payment of the mortgage, and lots 59 and 60 were secondarily liable. July 2, 1888, Frank L. Anderson conveyed, by a deed recorded July 23, 1888, lots 67 and 72 to Charles P. Brandel, subject to the mortgage, the grantee covenanting to pay the amount due thereon. July 11, 1890, Charles P. Brandel, by a deed recorded July 10, 1890, conveyed lots 67 and 72 to Fletcher Barron, subject to the mortgage, and two other mortgages, all of which the grantee covenanted to pay before January 1, 1891. April 15, 1892, Fletcher Barron conveyed lots 67 and 72 to the Hercules Land Company by a deed recorded April 18, 1892. The grantee in this deed did not covenant to pay the mortgage, and there is no reference thereto in the deed, but reference is expressly made in the deed to the conveyance from Brandel to Barron. By this reference the land company had notice that by agreement between the parties in interest lots 67 and 72 were primarily liable for the payment of the mortgage, and it is not in a position to assert the rule that in mortgage cases the land mortgaged is to be sold in the inverse order of alienation. It is nowhere asserted in the record that lots 67 and 72 have been released from the lien of the mortgage, except as the result of the rule last referred to. It is asserted in the moving affidavits that when the mortgagor conveyed to Anderson the mortgagee received $1,100, which was the amount of the mortgage, for the release of lots 59 and 60; but there is no assertion that lots 67 and 72 were released. It is entirely immaterial what consideration the mortgagee received for the release of lots 59 and 60, provided the parties in interest then agreed that the mortgage should remain a continuing security on lots 67 and 72.

The order appealed from should be reversed, with $10 costs. All concur.